UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MICHELLE DAVID et al,,**

    **Plaintiffs,**

**v.**                    Case No. 8:09-cv-1541-T-30MAP

**ASSOCIATED OUT-DOOR CLUBS, INC.,**

    **Defendant.**
_____/

## ORDER

Plaintiffs are former poker dealers who worked for Defendant from about July 1, 2007 until January 2009. As poker dealers, they were paid less than minimum wage but received tips as a supplement. Plaintiffs bring this action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq., seeking unpaid wages on behalf of themselves and others similarly situated. Plaintiffs claim that Defendant should not have been able to claim a tip credit under the statute because the poker dealers were required to share a portion of their tips with non-tipped employees.

Plaintiffs seek conditional certification of this case as a collective action consisting of any and all current or former employees of Defendant who worked as Poker Dealers, or similar positions, on or after July 1, 2007. At this early stage, "the notice stage," the plaintiff must show that there are other similarly situated employees who desire to opt-in to the action. The Court finds that Plaintiffs did not meet their burden and, therefore, the Court will not certify the class.

> Pursuant the Fair Labor Standards Act ("FLSA"),
>
> > [a]n action to recover [unpaid minimum wage or overtime compensation] may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.[1]

The Eleventh Circuit has recommended a two-tiered procedure for district courts to follow in determining whether to certify a collective action under § 216(b).[2] The first tier, known as the notice stage, is relevant here. "At the notice stage, the district court makes a decision-usually based only on the pleadings and any affidavits which have been submitted-whether notice of the action should be given to potential class members."[3] The Court must determine whether there are other employees who desire to opt-in and whether those employees are similarly situated.[4]

---

[1] 29 U.S.C. § 216(b).

[2] *Cameron-Grant v. Maxim Healthcare Systems*, 347 F.3d 1240, 1242 (11th Cir. 2003) (*citing Hipp v. Liberty National Life Insurance Co.*, 252 F.3d 1208, 1216 (11th Cir. 2001)).

[3] *Id.* at 1243.

[4] *Dybach v. State of Fla. Dep't of Corrs.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991).

The onus is on the plaintiffs to demonstrate a reasonable basis for the assertion that there are other employees who desire to opt-in.[5] Mere belief or unsupported expectations that additional plaintiffs will come forward are insufficient to justify certification.[6]

Here, there are two named Plaintiffs and two employees who have filed consents to join. All four these individuals filed identical affidavits, which claim that they know of others who "expressed interested in the case, but they are too scared to join into the law suit [sic] because they still work for Defendant, Tampa Greyhound." But they identify no one. When deposed, three of these affiants could not name any one who was interested in joining.

In her deposition, Plaintiff Brothers stated that she spoke with "Cane," a current employee, in September or October 2009 about joining the suit. Brothers stated that Cane expressed interest in joining the suit at that time. However, Cane failed to follow up on the information Brothers provided to him. He has not contacted Brothers or her counsel and has not filed a consent to join. There is no indication that Cane actually desires to join the lawsuit.

Plaintiffs have failed to provide sufficient evidence that other employees want to opt in to this action. Therefore, the Court will not approve the certification of the class. However, to accommodate the two individuals who consented to join, the Court will construe

---

[5] *Rodgers v. CVS Pharmacy, Inc.*, 2006 WL 752831 at *3 (M.D. Fla 2006) (*quoting Haynes v. Singer Co., Inc.*, 696 F. 2d 884, 887 (11th Cir. 1983).

[6] *Id.*

the Motion to Create a Conditional Opt-in Class as a Motion to Join Alfred Blanco and Geraldine M. Strauss as party plaintiffs.

It is therefore ORDERED AND ADJUDGED that Plaintiffs' Motion to Create a Conditional Opt-in Class (Dkt. 21) is **GRANTED in part** to the extent that Alfred Blanco and Geraldine M. Strauss are to be added as party plaintiffs.

**DONE** and **ORDERED** in Tampa, Florida on April 27, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2009\09-cv-1541.certify class.frm